UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Joseph Abbawi and Matthew Kebede
    Plaintiffs,

v                    Civil Action No._____
                     Judge _____

TransUnion, LLC; Equifax, Inc. Experian
Information Solutions, Inc, ProCollect, Inc.,
DTN Management Company,
    Defendants.
_____/

Robert K. Ochodnicky (P75766)
Attorney for Plaintiffs
1005 S. Washington Ave
Lansing, MI 48910
517-295-3634
robert@abmdlaw.com

**Complaint**

Plaintiff states:

**Jurisdiction**

1. The jurisdiction of this court arises under 15 USC 1681p and 28 USC 1367.

2. Venue in this district is proper in that Defendant transacts business here and the conduct complained of occurred here.

**Parties**

3. Plaintiff Joseph Abbawi is a natural person residing in Michigan. He is a *consumer* as defined by 15 USC 1681a(c).

4. Plaintiff Matthew Kebede is a natural person residing in Michigan. He is a *consumer* as defined by 15 USC 1681a(c).

5. Defendant Transunion, LLC is a limited liability company with a primary place of business in the State of Illinois and conducts business globally.

6. Defendant Equifax, Inc, is a corporation with a primary place of business in the State of Georgia and conducts business globally.

7. Defendant Experian Information Solutions, Inc, is a corporation with a primary place of business in the State of California and conducts business globally.

8. Defendant ProCollect, Inc. is a corporation with a primary place of business in the State of Texas and conducts business throughout the United States.

9. Defendant DTN Management is a corporation with primary place of business in the State of Michigan.

10. Defendants Transunion, Equifax, and Experian are *consumer reporting agencies* as defined in 15 USC 1681a(f). On information and belief, Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports,* as defined in 15 USC 1681a(d), to third parties.

11. On information and belief, Defendant disburses the consumer reports to third parties under contract for monetary compensation.

## Factual Allegations

7. In or around 2023, Plaintiffs obtained a copy of their credit report that included information Defendants Transunion, Equifax, and Experian compiled and maintained.

8. In the credit reports, Defendants reported that Plaintiff had outstanding debt due to Defendant ProCollect, Inc and originating from Defendant DTN.

9. This information was inaccurate.

10. Plaintiff sent a dispute letter to all Defendants.

11. On information and belief, all Defendants received said dispute letters.

12. The only response Plaintiffs received was a letter from ProCollect indicating the debt is valid.

13. Defendant DTN has previously acknowledged that the debt was a mistake.

14. Plaintiffs have been unable to obtain credit cards, rent an apartment, apply for a mortgage, or advance any way in life due to this erroneous credit report.

15. On Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, Defendants did not evaluate or consider any of Plaintiffs' information, claims, or evidence and did not make any attempt to substantially or reasonably verify the public record.

16. As a result of the acts alleged above, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials, and harm to their reputation and character.

## First Claim for Relief

20. Plaintiffs incorporate by reference the foregoing paragraphs.

21. Defendants violated 15 USC 1681e(b) by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

22. Defendants' conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the court pursuant to 15 USC 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC 1681o.

23. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the court pursuant to 15 USC 1681n or 1681o.

**Second Claim for Relief**

24. Plaintiffs incorporate by reference the foregoing paragraphs.

25. Defendants violated 15 USC 1681i by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of the inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnisher at issue; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying on verification from a source it has reason to know is unreliable.

26. Defendants conduct, action, and inaction were willful, rendering it liable for actual or statutory damages and for punitive damages in an amount to be determined by the court pursuant to 15 USC 1681n. In the alternative, it was negligent, entitling Plaintiff to recover actual damages under 15 USC 1681o.

27. Plaintiffs are entitled to recover costs and attorney fees from Defendant in an amount to be determined by the court pursuant to 15 USC 1681n or 1681o.

PLAINTIFF REQUESTS that this court enter judgment against Defendants for compensatory and punitive damages, costs and reasonable attorney fees, prejudgment and postjudgment interest at the legal rate, and any other relief this court deems just and proper.

Dated: October 13, 2023                                    Respectfully submitted,

/s/Robert K. Ochodnicky
Robert K. Ochodnicky (P75766)
Attorney for Plaintiffs
1005 S. Washington Ave
Lansing, MI 48910
517-295-3634